UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE GREENWALD, P.C.,

     Plaintiff,

   – *against* –

TRES AMICI, INC., *doing business as La Bella Vita*,

     Defendant.

**ORDER**

15 Civ. 896 (ER)

R̲ᴀᴍᴏs̲, D.J.:

  Wayne Greenwald's last action in this case was to file an affidavit of service on June 15, 2015.  Doc. 4.  On January 29, 2020, the Court ordered Wayne Greenwald, a law firm proceeding *pro se*, to file a status report by February 5, 2020.  Doc. 5.  The Court again ordered the plaintiff to file a status report on April 6, 2020, this time by May 1, 2020.  Doc. 6.  Wayne Greenwald has not responded to either Order.  For the below reasons, the Court dismisses Wayne Greenwald's action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

  "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).  The Second Circuit lists five factors for a district court to consider while determining whether the "harsh remedy" of Rule 41(b) dismissal is appropriate:

  (1) the duration of the plaintiff's failures,

  (2) whether plaintiff had received notice that further delays would result in dismissal,

  (3) whether the defendant is likely to be prejudiced by further delay,

> (4) whether the district judge has taken care to strike the balance be-
> tween alleviating court calendar congestion and protecting a party's
> right to due process and a fair chance to be heard and
>
> (5) whether the judge has adequately assessed the efficacy of lesser
> sanctions.

*Id.* (internal quotations and alterations omitted).  These factor counsel in favor of dismissal in Wayne Greenwald's case.

*First*, Wayne Greenwald's last action in this case was to file an affidavit of service in June 2015.  Over five years have passed without any notice from Wayne Greenwald. Furthermore, the Court ordered Wayne Greenwald to file a status report by May 1, 2020. Nearly three months have passed since that deadline.  Given the length of time without action from Wayne Greenwald, the Court finds that this factor weighs in favor of dismissal.

*Second*, the Court was clear in its Order of April 6, 2020 for a status report that failure to comply could result in the dismissal of Wayne Greenwald's action under Rule 41.  It wrote, "Failure to comply with this Order may result in sanctions including dismissal for failure to prosecute.  *See* Fed. R. Civ. P. 41."  Wayne Greenwald was on notice of the consequences of its failure to obey the Court's Order.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed . . . ."  *LeSane*, 239 F.3d at 210.  The Court sees no facts in this matter that could rebut this presumption.

*Fourth*, although the lack of action in this matter does not pose too heavy a burden on the Court's docket, Wayne Greenwald has failed to take advantage of its "right to due process and a fair chance to be heard."  *Id.* at 209.  This factor weighs weakly against dismissal.

*Fifth*, in the face of Wayne Greenwald's failure to respond to the Court's orders at all, there are no weaker sanctions that could remedy plaintiff's failure to prosecute.

Given that four of the five factors weigh in favor of dismissal, the Court DISMISSES Wayne Greenwald's action.  The Clerk of Court is respectfully directed to terminate any outstanding motions and to close the case.

It is SO ORDERED.

Dated:  July 24, 2020
        New York, New York

_____
       EDGARDO RAMOS, U.S.D.J.